

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 3 2021

CLERK, U.S. DISTRICT COURT
By_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TREVOR CHASE TURNBOW | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-409-O |
| | § | |
| CARA LEAHY WHITE, ET AL. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING THE COURT'S ORDER REGARDING FAILURE TO FILE PROOF OF SERVICE AND DEFENDANT DOWD'S MOTION FOR SANCTIONS

#### I. FAILURE TO FILE PROOF OF SERVICE

The above-styled and numbered cause of action was filed on March 5, 2021 by *pro se* Plaintiff Turnbow. Although more than 90 days have passed since the filing of the original complaint, no proof of service on Defendants Cara Leahy White, Dan Allen White, or Larry Lee Fowler, Jr. is on record in this cause.[1] Consequently, in an order dated June 28, 2021, the Court ordered Plaintiff, if he desired to pursue his claims against Defendants, to file, no later than July 12, 2021, either proof of service as required by Rule 4.1 of the Local Civil Rules or an instrument in affidavit form establishing good cause why such proof cannot be filed. Plaintiff has wholly failed to respond to the Court's order. Thus, the Court recommends **DISMISSAL** of this action.

#### II. DEFENDANT DOWD'S MOTION FOR SANCTIONS

Pending before the Court is Defendant Robert Dowd's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure ("Rule") 11 [doc. 12], filed May 13, 2021. In the motion, Dowd requests that the Court award Rule 11 sanctions in the amount of "$10,000.00 in sanctions against Trevor Turnbow to reimburse . . . Dowd for the wasted time and effort to respond to the false allegations and to in a small way reimburse him for the damages the Libel has created." (Dowd's

---

[1] Defendant Robert K. Dowd was dismissed from the suit on May 13, 2021.

Motion for Sanctions at 3.) In an order dated June 8, 2021, the Court gave Turnbow until June 22, 2021 to file a response to Dowd's Motion for Sanctions. Turnbow wholly failed to file a response.

Pursuant to Rule 11(c)(4), the Court, "[i]f imposed on motion and warranted for effective deterrence," may issue an order "directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." In an order dated June 28, 2021, the Court ordered Dowd to, no later than July 6, 2021, provide documentation of his attorney's fees and other expenses directly resulting from Turnbow's alleged Rule 11 violations. On July 2, 2021, Dowd filed an affidavit and time sheets supporting his attorney's fees and expenses in the amount $13,522.50 for work performed in this case.

On March 5, 2021, Turnbow filed a Complaint against Dowd and other Defendants for alleged violations relating to his mother's probate estate and Turnbow's rights to use certain property as a church. After reviewing Dowd's motion and all other filings in this case, the Court finds that Turnbow violated Rule 11(b) when Turnbow filed and signed a Complaint naming Dowd as a Defendant as such complaint appears to have been filed for the improper purpose of harassing Dowd. Turnbow, in his Complaint, claims that, after his mother's death, his sister introduced the Turnbow family to Dowd, who is an attorney. (Complaint ("Compl.") at 5.) Turnbow also claims that Dowd "is the one that started all this through his deception, lies, negligence, malfeasance and fraud." (*Id.*) Turnbow, however, failed to respond to Dowd's motion and presented no evidence supporting his claims or evidence showing his claims will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.[1]

---

[1] In fact, Turnbow has failed to respond to any order of the Court since Turnbow filed his complaint on March 5, 2021.

2

In his motion, Dowd requests that the Court sanction Turnbow in an amount of $10,000. Based on the affidavit and time sheets submitted by Dowd, the Court finds that such amount for attorney's fees and expenses is reasonable and directly results from Turnbow's violation of Rule 11(b). The Court further finds, pursuant to Rule 11(c)(4), that such amount is warranted for effective deterrence of future conduct. Consequently, the Court also recommends **GRANTING** Dowd's Motion for Rule 11 Sanctions in the amount of $10,000 in attorney's fees and expenses.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 27, 2021** to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 13, 2021.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE